UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW ALLEN,
    *Plaintiff*,

v.

ROCKSHENG ZHONG,
    *Defendant*.

No. 3:20-cv-1860 (JAM)

### ORDER TO SHOW CAUSE WHY COMPLAINT
### SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Matthew Allen has filed a *pro se* federal civil rights complaint for money damages against a doctor who performed a court-ordered competency examination. Because it appears that the doctor is immune from monetary liability for his performance of a court-ordered competency examination, I conclude that the complaint is likely subject to dismissal. Before dismissing the complaint, however, I will allow Allen an opportunity to file a response to explain why the complaint should not be dismissed.

#### BACKGROUND

Allen was arrested on misdemeanor charges by the police in June 2017. He alleges that defendant Dr. Rocksheng Zhong performed a court-ordered psychological evaluation of Allen at the Connecticut Mental Health Center. Dr. Zhong concluded that Allen was not competent to stand trial and suggested that Allen be sent to a hospital for his competency to be restored. Doc. #1 at 4, 7, 8. According to Allen, Dr. Zhong "falsely accused [Allen] of being incompetent to stand trial and insane, allegations which would demonstrate severe injustice of his most crucial constitutional rights on many levels and negligence and reckless wanton misconduct by Dr. Zhong." *Id.* at 8. He seeks damages against Dr. Zhong for the emotional duress and suffering he

sustained as a result of being committed to a mental hospital as a result of Dr. Zhong's competency examination. *Id.* at 4.

## DISCUSSION

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Allen may promptly respond or file an amended complaint that addresses these concerns.

It is well-established that judges have absolute immunity from lawsuits for money damages for those actions that they take in their judicial capacity. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*). Many courts have similarly recognized immunity for doctors and other professionals who perform court-ordered examinations for purposes of court proceedings. *See, e.g.*, *Harden v. Green*, 27 F. App'x 173, 177 (4th Cir. 2001); *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987); *McKnight v. Middleton*, 699 F. Supp. 2d 507,

526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *Kalman v. Carre*, 352 F. Supp. 2d 205, 209 (D. Conn. 2005).

It therefore appears that Allen's complaint against Dr. Zhong is subject to dismissal on the ground that Dr. Zhong is immune from liability. Although the complaint raises a possibility of diversity jurisdiction, the Court would not be inclined to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any state law claims in the absence of any federal law claims.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal. The Court will allow Allen an opportunity to file a response by **January 8, 2020** to explain why this action should not be dismissed or to file by that date an amended complaint that sets forth factual allegations to overcome the concerns stated in this ruling.

It is so ordered.

Dated at New Haven this 23rd day of December 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge