UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW ALLEN,
    *Plaintiff*,

v.

ROCKSHENG ZHONG,
    *Defendant*.

No. 3:20-cv-01860 (JAM)

## ORDER DISMISSING ACTION

Plaintiff Matthew Allen has filed a *pro se* federal civil rights complaint for money damages against a psychiatrist who performed a court-ordered competency examination. I conclude that the complaint must be dismissed on the ground of absolute immunity.

### BACKGROUND

Allen was arrested on misdemeanor charges by the police in June 2017. He alleges that defendant Dr. Rocksheng Zhong performed a court-ordered psychological evaluation of Allen at the Connecticut Mental Health Center. Dr. Zhong concluded that Allen was not competent to stand trial and suggested that Allen be sent to a hospital for his competency to be restored. Doc. #1 at 4, 7, 8. According to Allen, Dr. Zhong "falsely accused [Allen] of being incompetent to stand trial and insane, allegations which would demonstrate severe injustice of his most crucial constitutional rights on many levels and negligence and reckless wanton misconduct by Dr. Zhong." *Id.* at 8. He seeks damages against Dr. Zhong for being committed to a mental hospital as a result of Dr. Zhong's competency examination. *Id.* at 4.

1

**DISCUSSION**

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013).

It is well established that "[d]octors responsible for preparing and providing psychological reports to the Connecticut courts concerning a person's mental health and confinement status are entitled to absolute immunity in the course of performing such function." *Kalman v. Papapietro*, 2006 WL 1609672, at *3 (Conn. Super. Ct. 2006); *see also Harden v. Green*, 27 F. App'x 173, 177 (4th Cir. 2001); *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *Kalman v. Carre*, 352 F. Supp. 2d 205, 209 (D. Conn. 2005).

I have previously issued an order to show cause why this action should not be dismissed, and I explained these immunity principles and invited Allen to file any response. Doc. #6; *Allen v. Zhong*, 2020 WL 7645431 (D. Conn. 2020). Allen has now filed a response. Doc. #8.

As an initial matter, Allen's response does not cite any case law or make any argument why the many cases that have recognized immunity for court-appointed experts were wrongly decided. Instead, Allen's response focuses on facts of his case that lead him to believe that Dr. Zhong should be liable.

First, he argues that the charges he faced were misdemeanors and that Dr. Zhong wrongly recommended that he be committed to a maximum security facility for the criminally insane.

Doc. #8 at 2. Even assuming these facts to be true, he does not identify any case law to suggest that the immunity of a court-appointed mental health competency expert is dependent on the severity of the underlying charges or the particular type of mental health institution that the expert might recommend. *See Harden*, 27 Fed. Appx. at 177 (rejecting argument that court-appointed competency expert should be liable because he "allegedly authored a damaging and overbroad competency evaluation that went beyond the inquiry directed by the district court").

Moreover, Allen's complaint alleges only that Dr. Zhong "suggested" that he be sent to a particular facility. Doc. #1 at 7. He does not claim that it was Dr. Zhong—rather than the state court judge who was presiding over Allen's case—who actually ordered that Allen be sent to any particular facility. *See* Conn. Gen. Stat. § 54-56d(d) & (h)(1) (detailing statutory authority of judge to order competency examination and to enter an order of placement for the defendant to be treated for purpose of rendering competent to stand trial). A judge has absolute immunity with respect to the determination whether to commit a defendant for mental health treatment to restore his competency. *See, e.g.*, *Marczeski v. Handy*, 213 F. Supp. 2d 135, 140 (D. Conn. 2002).

Allen also argues that he had no prior criminal history and was free on bail and appeared for all his court dates. Doc. #8 at 2-3. Again, however, he does not identify any case law to suggest that the immunity of a court-appointed mental health competency expert is dependent on whether the person who is subject to a competency examination has a prior criminal history or has voluntarily appeared for prior court hearings.

Allen also argues that Dr. Zhong should not have absolute immunity like a judge or a prosecutor because "he likely was not technically considered to be employed by the court as with a judge or SA [state's attorney]." Doc. #8 at 3. The doctrine of absolute immunity, however, depends on the actor's function within the judicial system rather than the technicalities of their

3

employment status. *See Rehberg v. Paulk*, 566 U.S. 356, 363 (2012) (describing the "functional approach" to absolute immunity); *McArde v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (prison doctor who conducted court-ordered psychiatric exam had absolute judicial and witness immunity because he was "functioning as an arm of the court"); *Moses*, 813 F.2d at 892 (court-appointed psychiatrist who conducted competency evaluation had absolute immunity because of his performance of "functions essential to the judicial process"). Accordingly, even assuming Dr. Zhong was not an employee of the state court system, he is still entitled to absolute immunity for his court-ordered competency evaluation and report.

## CONCLUSION

The Court DISMISSES this action on the ground that plaintiff Matthew Allen's action under 42 U.S.C. § 1983 for money damages against defendant Dr. Rocksheng Zhong is barred by the doctrine of absolute immunity.[1] The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 8th day of January 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[1] The order of dismissal in this case is solely as to the action filed by Allen against Dr. Zhong. This order of dismissal is not with respect to Allen's separate actions that he has filed against police officers and others related to his mental health commitment. *See Allen v. Sidaros et al.*, 20cv1276 (D. Conn.); *Allen v. O'Neill et al.,* 20cv854 (D. Conn.).